IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


WILLIAM WILEY

        Plaintiff,

v.                                       Civil Action No. 5:10CV85
                                                            (STAMP)
DR. DAVID PROCTOR, TRISTAN TENNEY,
WEXFORD HEALTH SERVICES,
LANCE YARDLEY and ADRIAN HOKE,

        Defendants.


                  **MEMORANDUM OPINION AND ORDER**
                 **AFFIRMING AND ADOPTING REPORT AND**
                 **RECOMMENDATION OF MAGISTRATE JUDGE**

                       I.  Procedural History

     The pro se[1] plaintiff, William Wiley, filed a civil rights complaint, in which he alleges that a medical condition is worsening and that he has been refused the appropriate standard of medical treatment. The case was referred to United States Magistrate Judge John S. Kaull for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2 and 28 U.S.C. §§ 1915(e) and 1915A. The magistrate judge issued a report and recommendation recommending that the plaintiff's complaint be dismissed in part as to certain defendants with prejudice, and that the plaintiff's civil action proceed against other defendants. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file

------

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation. The plaintiff filed objections. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation in its entirety.

II. Facts

In his complaint, the plaintiff alleges that his chronic Hepatitis C is worsening and that he is showing symptoms of serious liver damages. He believes that defendants Dr. David Proctor ("Proctor", the institutional physician, and Tristan Tenney ("Tenney"), the health services administrator, have failed to provide him with the appropriate standard of treatment while manufacturing a number of allegedly patently false excuses for withholding treatment. The plaintiff states that he has told defendant Lance Yardley ("Yardley"), warden, and defendant Adrian Hoke ("Hoke"), an associate warden, of his situation, yet they have allegedly failed to protect him and have only protected Wexford Health Services. The plaintiff believes that Wexford Health Services has a policy to withhold interferon treatment from Hepatitis C inmates to make money. The plaintiff seeks compensatory and punitive damages from each defendant.

III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure

to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## IV. Discussion

### A. Defendant Wexford Health Services

Title 42, United States Code, Section 1983 provides redress for state action which deprives a citizen of a right, privilege or immunity ensured by the Constitution or law of the United States. See 42 U.S.C. § 1983. In his report and recommendation, the magistrate judge recommended that the plaintiff's complaint as to Wexford Health Services be dismissed. Section 1983 prohibits any "person" from causing a deprivation of legal rights to any United States citizens under the color of state law. However, the magistrate judge found that Wexford Health Services does not constitute a "person" for the purposes of 42 U.S.C. § 1983. See Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989) (holding that "[n]either a State nor its officials acting in their official capacity are 'persons' under §1983"); see also Roach v. Burch, 825 F. Supp. 116, 117 (N.D. W. Va. 1993) (the West Virginia Regional Jail Authority is "in effect the State of West Virginia"

and is not a person under § 1983); Preval v. Reno, 203 F.3d 821, 821 (4th Cir. 2000) (unpublished) ("the Piedmont Regional Jail is not a 'person,' and is therefore not amenable to suit under 42 U.S.C. § 1983").

The plaintiff objects to the magistrate judge's conclusion. He argues that there is no persuasive authority to support a conclusion that corporations cannot be held liable under 42 U.S.C. § 1983. This Court disagrees, noting the numerous opinions cited above. Alternatively, the plaintiff asks that this Court allow him to amend his complaint to name additional defendants such as the Wexford employees responsible for the policy of withholding interferon treatment. This Court denies the request as such an amendment would be futile.

After a de novo review, this Court finds no error in the magistrate judge's conclusion that Wexford Health Services is not a proper party to this action and overrules the plaintiff's objections as to Wexford Health Services.

B. Defendants Lance Yardley and Adrian Hoke

The magistrate judge, in his report and recommendation, recommended that defendants Lance Yardley and Adrian Hoke be dismissed from this case because the plaintiff fails to state a claim for which relief can be granted against these defendants. The magistrate judge determined that the plaintiff failed to make any specific allegations that defendants Yardley and Hoke were personally involved in any alleged deprivation of the plaintiff's

constitutional rights. Thus, the magistrate judge found that the plaintiff fails to state a claim against defendants Yardley and Hoke in their personal capacities.[2]

To the extent that the plaintiff alleges that these defendants are liable in their official capacities, the magistrate judge determined that the plaintiff fails to state a claim in that respect. An official capacity suit is to be treated as a suit against the entity, here the state. Kentucky v. Graham, 473 U.S. 159, 166 (1985). The state may be liable under § 1983 when "execution of the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Id. Here, as the magistrate judge correctly observes, the plaintiff asserts no allegations that the deprivation of his constitutional rights was the result of a policy or custom. Accordingly, the plaintiff's complaint states no claim against the state through his allegations against these defendants in their official capacities.

---

[2]Rule 8(a) of the Federal Rules of Civil Procedure states, in pertinent part, that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted). This is especially true under § 1983 where liability is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001).

The magistrate judge correctly noted that "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights," Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977), or where a subordinate acts pursuant to a policy or custom for which the supervisor is responsible. Fisher v. Wash. Metro. Area Transit Auth., 690 F.2d 1133, 1143 (4th Cir. 1982), abrogated on other grounds by County of Riverside v. McLaughlin, 500 U.S. 44 (1991).

In this case, to the extent that the plaintiff seeks to name defendants Yardley and Hoke in their supervisory capacities, his claims must fail, as the magistrate judge correctly concluded. A supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices;' and (3) there was an 'affirmative casual link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), cert. denied, 513 U.S. 813 (1994).

The plaintiff objects to this portion of the report and recommendation and states that he believes that he has alleged enough to proceed against these defendants, but if he has not, he

alternatively would like to dismiss these defendants without prejudice. He believes that he should be able to conduct discovery to establish "how many grievances against Wexford, Hoke, and Yardley have reviewed, how many they have denied, how many were clearly related to 'pinching pennies' at the expense of an inmates' health, et cetera." This Court disagrees.

After a de novo review, this Court finds no error in the magistrate judge's determination that the plaintiff fails to provide any allegations showing the required elements for personal or supervisory liability against these defendants and overrules the plaintiff's objections. In sum, because the plaintiff fails to state a claim upon which relief can be granted as to defendants Yardley and Hoke, the plaintiff's claims against these defendants must be dismissed.

D. Defendants Tristan Tenney and Dr. David Proctor

The magistrate judge found that the plaintiff's complaint against defendants Tristan Tenney and Dr. David Proctor sets forth sufficient allegations to state a claim for deliberate indifference with respect to the medical treatment provided to the plaintiff. Therefore, he recommends that defendant Proctor be ordered to respond to the complaint.

In sum, upon due consideration of the claims alleged in the complaint, the magistrate judge recommended that the plaintiff's claims against defendant Tenney and defendant Proctor be permitted to proceed, and that these defendants be made to answer the

complaint. The plaintiff did not object to this portion of the report and recommendation. Accordingly, this Court finds no clear error in the magistrate judge's recommendation.

## V. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the plaintiff's § 1983 claims against defendants Wexford Health Services, Lance Yardley, and Adrian Hoke are DISMISSED WITH PREJUDICE. The plaintiff's claims against defendants Tristan Tenney and Dr. David Proctor shall PROCEED, and those defendants shall be SERVED with a copy of a twenty (20) day summons and the complaint through the United States Marshals Service.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED: October 21, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE