IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM WILEY,

       Plaintiff,

v.                                                            Civil Action No. 5:10cv85
                                                                              (Judge Stamp)

DR. DAVID PROCTOR,
TRISTAN TENNEY
WEXFORD HEALTH SERVICES, INC
LANCE YARDLEY, AND
ADRIAN HOKE

       Defendants.

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* plaintiff initiated this case on August 23, 2010, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. [Dckt. 1]. On September 2, 2010, he was granted permission to proceed as pauper and assessed an initial partial filing fee. [Dckt. 10]. The plaintiff paid his initial partial filing fee on September 28, 2010. [Dckt. 12]. On October 21, 2010, the district judge dismissed defendants Wexford Health Services, Lance Yardley, and Adrian Hoke. [Dckt. 17]. After service of the summonses and complaint, the remaining defendants filed a Motion to Dismiss on November 19, 2010. [Dckt. 26]. Because the plaintiff is proceeding without counsel, on November 29, 2010, the Court issued a Roseboro Notice advising the plaintiff of his right to file a response to the defendants' motion. [Dckt. 28]. The plaintiff filed his response May 3, 2011, [Dckt. 51], to which defendants filed a response on May 10, 2011. [Dckt. 52].

## II. Contentions of the Parties

### A. The Complaint

In the complaint, the plaintiff claims that the defendants violated his rights under the Eighth Amendment to the Constitution. He alleges that these rights were violated when the defendants denied him certain medical care for his Hepatitis C disease.

The plaintiff claims that he exhibits symptoms of severe Hepatitis C that have been ignored by the defendants, such as swollen joints, severe itching and peeling, dark urine, and fluid retention. He argues that any competent health care provider would provide him with either a 48-week course of alpha interferon treatment or a second liver biopsy. Further, the plaintiff asserts that the defendants have given him false excuses for withholding this treatment, and that the real reason he is being denied this treatment is because of the cost.

The plaintiff is requesting to be either given the interferon treatment or receive a second liver biopsy. He is also requesting compensatory and punitive damages.

### B. The Defendant's Motion

In their memorandum in support of their Motion to Dismiss, the defendants assert that the plaintiff's Eighth Amendment claim must fail because he has failed to establish that Dr. David Proctor and Tristan Tenney acted with deliberate indifference to his medical needs. Instead, they argue that the plaintiff simply disagrees with the treatment he has been provided. To support their argument, the defendants include the plaintiff's APRI[1] scores to show that the plaintiff's Hepatitis

---

[1] According to the Affidavit of David Proctor, the APRI score is a nationally recognized method of determining if Hepatitis C patients need interferon treatment. The lower the score, the healthier the Hepatitis C patient. According to the Affidavit, plaintiff had an APRI score of .9266 when he had his liver biopsy, and now has an APRI score of .4073.

C was improving, and also includes a letter between defendant Proctor and the Warden justifying the plaintiff's treatment.

**C.** **The Plaintiff's Response**

In response to the defendants' motion, the plaintiff reiterates the argument made in his complaint and provides his affidavits. He also provides documentation of communication he had between himself and the defendants, information about the Hepatitis C disease that he found in various medical sources, and interrogatories from defendant Proctor.

**D.** **The Defendants' Reply to Plaintiff's Response**

In the defendants' reply, they reiterate their argument that this suit arises from a disagreement between the defendants and the plaintiff as to what medical care should be given, and thus no Eighth Amendment violation exists. They attempt to refute the evidence brought forth by the plaintiff by categorizing it as either hearsay or as the plaintiff's unqualified medical opinion. They also attach a copy of defendant Tenney's interrogatories, where he identifies his role in the prison medical system.

### III. Standards of Review

**A.** **Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d

1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must "contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citations omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, adopted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id.*

## IV. Analysis

### A. Eighth Amendment Claim

#### 1. Dr. David Proctor

The plaintiff alleges that this defendant acted with deliberate indifference to the medical problems associated with his Hepatitis C disease. The defendant asserts that he was not deliberately indifferent, but rather the plaintiff merely disagrees with the treatment he received.

To state a claim under the Eighth Amendment for ineffective medical assistance, a plaintiff must show that the defendants acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A cognizable claim under the Eighth Amendment is not raised when the allegations reflect a mere disagreement between the inmate and a physician over the inmate's proper medical care, unless exceptional circumstances are alleged. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). In order to establish an Eighth Amendment violation, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

With regard to claims of inadequate medical attention, the objective component is satisfied by a serious medical condition. A medical condition is "serious" if "it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir.1990), cert. denied, 500 U.S. 956 (1991); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd Cir.1987), cert. denied, 486 U.S. 1006 (1988). A medical condition is also serious if a delay in treatment causes a life-long

5

handicap or permanent loss. *Id.* at 347.

The prisoner may satisfy the subjective component of a "cruel and unusual punishment" claim by showing deliberate indifference by prison officials. <u>Wilson</u>, 501 U.S. at 303. "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." <u>Farmer v. Brennan</u>, 511 U.S. 825, 835 (1994). Basically, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer</u>, 511 U.S. at 837. "[A]cting or failing to act with deliberate indifference to a substantial risk to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial or nonexistent." *Id.* at 844. "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Deliberate indifference may be demonstrated by either actual intent or reckless disregard." <u>Miltier v. Beorn</u>, 896 F.2d 848, 851 (4th Cir.1990); <u>Norris v. Detrick</u>, 918 F.Supp. 977, 984 (N.D.W.Va.1996), aff'd, 108 F.3d 1373 (4th Cir.1997).

Although Hepatitis C is a serious medical condition that satisfies the objective element, the plaintiff fails to provide enough evidence to satisfy the subjective element of <u>Wilson</u>. Defendant Proctor examined the plaintiff's test results, consulted other medical professionals, and used his medical judgment to come up with a treatment plan that consisted of denying certain procedures and reevaluating in six months. The mere fact that it took the prison medical staff longer than the

6

plaintiff was promised to come to this decision is not sufficient evidence that the defendant was being evasive or acting with medical indifference. Further, the documentation of the communication between the plaintiff and this defendant shows that throughout this time the defendant answered the plaintiff's questions quickly and accurately, and the primary issue the plaintiff had was that the responses were not what the plaintiff wanted to hear. Moreover, the plaintiff has provided no evidence that this course of conduct was so "grossly incompetent, inadequate, or excessive as to shock the conscious" to satisfy Miltier, and justifies his claim primarily through information from the internet and various other sources in an attempt to discredit the APRI method used by the defendant to determine the plaintiff's course of treatment. Even if we assume these documents are admissible as evidence, this medical information only shows that Hepatitis C is a complex disease with no universal treatment method. As such, this medical information is unreliable, and the treatment decisions should be made by the doctor diagnosing the individual patient. Whether the treatment method chosen by the prison doctor is the best treatment method available is irrelevant, as the care an inmate receives "need not be the best possible care; only 'reasonable' care." Goff v.Bechtold, 632 F. Supp. 697, 698 (S.D.W.Va. 1986); *see also* Vintage v. Gibbs, 550 F.2d 926 (4th Cir. 1977). Moreover, denying an inmate the course of treatment he prefers does not violate a constitutional right. *Id.* Therefore, it is recommended that the plaintiff's Eighth Amendment claim against this defendant be dismissed.

**2.  Tristan Tenney**

The plaintiff alleges that this defendant, the health administrator for the prison, acted with deliberate indifference to his Hepatitis C condition. The defendant alleges that he did not act with deliberate indifference, but rather the plaintiff merely disagrees with his course of treatment.

7

As a preliminary matter, this defendant is not a doctor and cannot administer treatment.[2] As such, the only way he could be found liable in his position as health administrator is through supervisor liability. There are three situations in which defendants may be liable in their supervisory capacity: "(1) the supervisory defendants failed to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." Miltier, 896 F.2d at 854. A plaintiff cannot establish supervisory liability merely by showing that a subordinate was deliberately indifferent to his needs. *Id.* Rather, the plaintiff must show that a supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practice. *Id.*

None of the situations outlined in Miltier describe defendant Tenney's actions in this case. First, as the defendant is not a doctor, he cannot provide the plaintiff with the medical care he desires. Second, nothing in the evidence shows that the defendant interfered with the doctor's treatment of the plaintiff. Third, as already noted, the plaintiff has failed to establish that the prison physician committed a constitutional violation, or that even if he did, defendant Tenney knew about such violation and failed to act.. Accordingly, the plaintiff has failed to show that supervisory liability applies to defendant Tenney, and this defendant should be dismissed.

## V. Recommendation

For the reasons stated, the undersigned recommends that the defendants' Motion to Dismiss

---

[2]In defendant Tenney's answers to interrogatories, he states "As Heath Services Administrator, I have oversight of the Health Services at Huttonsville Correctional Center; however, I have no direct involvement in the decision making process." [Dckt. 52, Ex. 1, Interrog. 2]

[dckt. 26] be **GRANTED** and the plaintiff's complaint [dckt. 1] be **DISMISSED with prejudice** from the active docket of this Court.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk, written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: June 8, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE