IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


WILLIAM WILEY,

                Plaintiff,

v.                                      Civil Action No. 5:10CV85
                                                         (STAMP)
DR. DAVID PROCTOR, TRISTAN TENNEY,
WEXFORD HEALTH SERVICES,
LANCE YARDLEY and ADRIAN HOKE,

                Defendants.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE;**
**DENYING MOTION FOR RECONSIDERATION PURSUANT TO**
**RULE 54(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE;**
**AND GRANTING MOTION TO AMEND MOTION FOR RECONSIDERATION**

I.  Background

The pro se[1] plaintiff, William Wiley, filed a civil rights

complaint, in which he alleges that a medical condition is

worsening and that he has been refused the appropriate standard of

medical treatment.  Specifically, the plaintiff states in his

complaint that his chronic Hepatitis C is worsening and that he is

showing symptoms of serious liver damages.  He believes that

defendants Dr. David Proctor ("Proctor"), the institutional

physician, and Tristan Tenney ("Tenney"), the health services

administrator, have failed to provide him with the appropriate

standard of treatment while manufacturing a number of allegedly

patently false excuses for withholding treatment.  The plaintiff

---

[1] "Pro se" describes a person who represents himself in a court
proceeding without the assistance of a lawyer.  Black's Law
Dictionary 1341 (9th ed. 2009).

believes that Wexford Health Services has a policy to withhold interferon treatment from Hepatitis C inmates to make money. The plaintiff seeks compensatory and punitive damages from each defendant.

The case was referred to United States Magistrate Judge John S. Kaull for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2 and 28 U.S.C. §§ 1915(e) and 1915A. The magistrate judge issued a report and recommendation recommending that the plaintiff's complaint be dismissed in part as to certain defendants with prejudice, and that the plaintiff's civil action proceed against defendants Proctor and Tenney, which this Court affirmed and adopted in its entirety. The plaintiff then filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59, arguing that Wexford Health Services should not have been dismissed. This Court denied the plaintiff's motion to alter or amend judgment.

The magistrate judge issued a second report and recommendation, recommending that the defendants Proctor and Tenney's motion to dismiss be granted and that the plaintiff's complaint be dismissed with prejudice. The magistrate judge states that as to defendant Proctor, the plaintiff fails to show deliberate indifference. While Hepatitis C is a serious medical condition, the plaintiff failed to meet the subjective prong. The magistrate judge found that Proctor provided reasonable care and that denying an inmate the course of treatment he prefers does not

violate a constitutional right.   As to defendant Tenney, the magistrate judge found that the plaintiff failed to show that supervisory liability applies.   The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation.   The plaintiff filed objections.   He first objects to the magistrate judge's statement that "denying an inmate the course of treatment he prefers does not violate a constitutional right."   The plaintiff argues that this is more than a simple disagreement between himself and Proctor.   He contends that the defendant's failure to treat his condition poses a threat to the plaintiff's future good health and that the defendants are subjecting him to an unreasonable and substantial risk of harm by failing to have a liver biopsy done or to start interferon treatment.   Secondly, he objects to the magistrate judge's finding that supervisory liability does not apply to Tenney.   The plaintiff also filed a motion for reconsideration of this Court's order adopting the first report and recommendation pursuant to Rule 54(b).   The defendants responded to the plaintiff's objections.

For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation in its entirety and denies the plaintiff's motion for reconsideration.[2]

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived.  See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).  Because the plaintiff has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III.  Discussion

A.  Defendant Dr. David Proctor

The plaintiff asserts that defendant Proctor violated his constitutional rights by being deliberately indifferent to his medical needs.  A plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs in order to state a claim under the Eighth Amendment for ineffective medical

---

[2]The plaintiff filed a motion to amend his motion for reconsideration on July 5, 2011.  For good cause shown, the plaintiff's motion to amend his motion for reconsideration is granted.

4

assistance.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  A medical condition is serious in two circumstances.  First, a serious medical condition exists when it has been diagnosed by a physician as mandating treatment, or the condition is so obvious that even a lay person would recognize the need for medical care.  Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991).  Second, a medical condition is serious if a delay in treatment causes a lifelong handicap or permanent loss.  Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

Moreover, to succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove the following elements: (1) the deprivation of a basic human need was objectively "sufficiently serious"; and (2) the prison official subjectively acted with a "sufficiently culpable state of mind."  Wilson v. Seiter, 501 U.S. 294, 298 (1991).  This second subjective component is satisfied when the prison official acts with deliberate indifference.  Id. at 303.  In Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), the court held that "[t]o establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."

In this case, Magistrate Judge Kaull recommends that the Eighth Amendment claim against defendant Proctor be dismissed because the plaintiff cannot satisfy the subjective element of <u>Wilson</u>.  This Court agrees with the magistrate judge that Hepatitis C is a serious medical condition that satisfies the objective element of <u>Wilson</u>.  After a <u>de novo</u> review, this Court also believes that the plaintiff has failed to satisfy the subjective element.  Unless exceptional circumstances are alleged, a prisoner does not raise a cognizable Eighth Amendment claim when the allegations result from a "mere disagreement between the inmate and a physician over the inmate's proper medical care."  <u>Wright v. Collins</u>, 766 F.2d 841, 849 (4th Cir. 1985).  Here, the record shows that Proctor examined the plaintiff's test results, consulted other medical professionals, and used his medical judgment to develop a treatment plan.  This Court agrees with the magistrate judge that no sufficient evidence exists to conclude that Proctor was evasive or acting with medical indifference by the medical staff taking longer than promised to come to a decision.  The record also shows that Proctor answered the plaintiff's questions.

This Court also agrees with the magistrate judge's conclusion that the plaintiff has failed to provide any evidence that Proctor's course of conduct was so "grossly incompetent, inadequate, or excessive as to shock the conscious" to satisfy <u>Miltier</u>.  In his objections, the plaintiff argues that there is more than a simple disagreement between himself and Proctor.  He

contends that the defendant's failure to treat his condition poses a threat to the plaintiff's future good health and that the defendants are subjecting him to unreasonable and substantial risk of harm by failing to have a liver biopsy done or to start interferon treatment.  This is not a new argument.  The affidavit of Proctor states that after a review, it was determined that a biopsy is not necessary, nor is treatment by interferon.  The articles submitted by the plaintiff simply provide that Hepatitis C is a complex medical condition with no universal treatment method.  Because an inmate need not receive "the best possible care," but only "'reasonable' care," this Court must agree with the magistrate judge that the plaintiff's complaint against Proctor must be dismissed.  Goff v. Bechtold, 632 F. Supp. 697, 698 (S.D. W. Va. 1986).

B.    Defendant Tristan Tenney

Defendant Tenney is a health administrator, not a physician. As a result, the only manner in which this defendant could be found liable is through supervisor liability.  In Miltier, 896 F.2d at 854, the Fourth Circuit recognized that supervisory defendants may be liable if the plaintiff shows: "(1) the supervisory defendants failed promptly to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." (citations omitted).  The plaintiff

7

cannot establish supervisory liability merely by showing that a subordinate was deliberately indifferent to his needs.  Id. Rather, the plaintiff must show that a supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practices.  Id. (quoting Slaken v. Porter, 737 F.2d 368, 372 (4th Cir. 1984)).

After a de novo review, this Court agrees with the magistrate judge that Tenney's actions in this case do not allow for supervisory liability.  As a health administrator, the first situation does not apply to Tenney.  There is no evidence of record to show that Tenney interfered in any way with the doctors' performance.  Finally, the third situation does not apply as this Court has determined that the plaintiff has failed to show that the prison doctor committed a constitutional violation.  Accordingly, this Court finds that the plaintiff's complaint must be dismissed as to defendant Tenney and the magistrate judge's report and recommendation should be adopted in its entirety.

C.    Motion for Reconsideration

Federal Rule of Civil Procedure 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  A district judge has discretion to reconsider and

modify its interlocutory judgments at any time prior to final judgment when warranted.  Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003).  Earlier decision of a court become law of the case and must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice."  Id. (citing Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988)).

The plaintiff cites to other case law in this district for the proposition that Wexford Health Services is a person who can be sued for purposes of 42 U.S.C. § 1983.  This Court has previously denied a motion for reconsideration on this point once before in this civil action.  Again, this Court must deny the plaintiff's motion for reconsideration.  Section 1983 prohibits any "person" from causing a deprivation of legal rights to any United States citizens under the color of state law.  This Court has repeatedly held that Wexford Health Services does not constitute a "person" for the purposes of 42 U.S.C. § 1983.  See Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989) (holding that "[n]either a State nor its officials acting in their official capacity are 'persons' under §1983"); see also Roach v. Burch, 825 F. Supp. 116, 117 (N.D. W. Va. 1993) (the West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983); Preval v. Reno, 203 F.3d 821, 821 (4th Cir. 2000)

(unpublished) ("the Piedmont Regional Jail is not a 'person,' and is therefore not amenable to suit under 42 U.S.C. § 1983"). Accordingly, the plaintiff's motion for reconsideration is denied.

## VI. <u>Conclusion</u>

Based upon a <u>de novo</u> review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the defendants' motion to dismiss is GRANTED and the plaintiff's complaint is DISMISSED WITH PREJUDICE. Further, the plaintiff's motion for reconsideration pursuant to Rule 54(b) of the Federal Rules of Civil Procedure is DENIED and the plaintiff's motion to amend motion for reconsideration is GRANTED. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> plaintiff by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     August 18, 2011


                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE